**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

CELSO YOBANI BUSTILLO ORTIZ,

      Petitioner,

  v.                                3:26cv1451

MARK WAYNE MULLIN, et al          ELECTRONICALLY FILED

      Respondents.

**MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART
PETITIONER CELSO YOBANI BUSTILLO ORTIZ'S PETITION FOR WRIT
OF HABEAS CORPUS (Doc. 1)**

Pending is Petitioner Celso Yobani Bustillo Ortiz's Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2241.  (Doc. 1).

**I.      Background**

Petitioner asserts in his habeas petition, and Respondents do not dispute, that Petitioner:

(1) is a native and citizen of Honduras; (2) entered the United States without inspection in 2006;

(3) was detained by ICE on July 21, 2026, in Beaver Falls, Pennsylvania, without prior notice or

opportunity; (4) has pending removal proceedings (*i.e.,* there is not a final order of removal in

effect as to Petitioner); and (5) currently is detained at Moshannon Valley Processing Center

("MVPC").  (*Id.* at 2-4).

Petitioner claims that his detention pursuant to 8 U.S.C. § 1225(b)(2) ("Section

1225(b)(2)"), which requires mandatory detention (*i.e.*, a bond hearing is not held upon

detention), is a violation of: (1) his Fifth Amendment substantive and procedural due process

rights; (2) the Immigration and Naturalization Act ("INA"); and (3) the Administrative

Procedures Act ("APA").  (*Id.* at 18-24).

By way of relief, Petitioner seeks an Order that includes: (1) enjoining Respondents from transferring him while his habeas petition is pending; (2) declaring that Petitioner's detention pursuant to Section 1225(b)(2) is unlawful; (3) issuing a Writ of Habeas Corpus that requires (a) Petitioner's immediate release, with all personal property, (b) Petitioner's release pending a bond hearing pursuant to 8 U.S.C. § 1226 ("Section 1226(a)"), at which Respondents bear the burden of establishing that Petitioner is a flight risk or danger to the community; or (c) Petitioner be provided with an individualized bond hearing at which Respondents bear the burden of: (i) "proving, by clear and convincing evidence and under the standards set forth in *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006), that Petitioner presents a danger to the community or a risk of flight," and (ii) "establishing, by clear and convincing evidence, that no reasonably available bond amount, condition of release, or combination of conditions would adequately mitigate any proven danger or risk of nonappearance;" (4) "if release is denied on flight-risk grounds, the Immigration Judge issu[ing] a reasoned written decision that identifies the specific evidence relied upon, applies the clear-and-convincing-evidence standard, and explains why less restrictive alternatives - including an appropriate monetary bond, electronic GPS monitoring, reporting requirements, travel requirements or any combination of such conditions – would be insufficient to reasonably assure Petitioner's appearance;" (5) declaring that Respondents may only detain Petitioner, if at all, pursuant to Section 1226(a); (6) declaring that Respondents' actions with respect to Petitioner has violated his Fifth Amendment due process rights; and (7) awarding attorney's fees and costs under the Equal Access to Justice Act ("EAJA").  (*Id*. at 24-26).

On August 5, 2026, Respondents filed their response in opposition to Petitioner's habeas petition, positing:

> This appears to be a *Hurtado* case as Petitioner, a national and citizen of Honduras, entered the United States without authorization at an unknown time and place (Petitioner claims to have entered the United States in 2006) and was arrested on July 21, 2026, in Beaver Falls, Pennsylvania. The government reaffirms its position that mandatory detention under § 1225(b)(2) applies, which has been accepted by both the Fifth and the Eighth Circuits. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

(Doc. 5 at 2).

Petitioner had until August 10, 2026, to file a reply brief. To date, no such brief has been filed.

Accordingly, this matter has been fully briefed and is ripe for adjudication.

## II.    Discussion and Findings

The issues before the Court are: (1) whether Petitioner is subject to discretionary detention pursuant to Section 1226(a), as contended by Petitioner, or mandatory detention under Section 1225(b)(2), as contended by Respondents; (2) if Petitioner's detention is governed by Section 1226(a), what is the relief to which Petitioner is entitled as of today's date, August 14, 2026; and (3) can this Court enjoin Respondents from transferring Petitioner while his habeas petition is pending.

Under the facts of this case, where it is not disputed that Petitioner was arrested in Pennsylvania many years after he illegally entered the United States, for the reasons set forth by this Court in *Rivera Juarez v. Oddo et al.*, 3:26-cv-718 (W.D. Pa) (Schwab, J.) (Doc. 10), the Court finds that Petitioner's detention is governed by Section 1226(a) and not Section 1225(b)(2). *See also Barbosa da Cunha v. Freden*, 175 F.4th 61, 78 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 731-32 (6th Cir. 2026); *Cirrus Rojas v. Olson*,

No. 25-3127, --- F.4th ----, 2026 WL 2198315, at *2 (7th Cir. July 30, 2026); *Rodriguez Vazquez v. Bostock*, No. 25-6842, --- F.4th ----, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239 (10th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1280-81 (11th Cir. 2026); *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, 856 (7th Cir. 2026) (Lee, J.) (portion of lead opinion not joined by concurring judge).

Accordingly, the Court GRANTS Petitioner's habeas petition and ISSUES the writ on these terms: (1) Respondents shall cause Petitioner to be taken to a neutral immigration judge of the Executive Office of Immigration Review for an individualized bond hearing to occur within 30 days of this order, or else release Petitioner by such date; (2) Respondents shall ensure that such a hearing includes the required due process, *i.e.,* at a minimum, factfinding based on a record produced before the decisionmaker and disclosed to Petitioner; an opportunity to make arguments on the Petitioner's behalf; and the right to an individualized determination of Petitioner's interests. *See Ghanem v. Warden Essex Cnty. Corr. Facility,* No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); and (3) Petitioner shall be responsible for securing the necessary transcripts and record of the bond hearing. The Court trusts the immigration judge to comply with this order and ensure that Petitioner is provided due process, and therefore, the immigration judge shall explain his or her individualized determination on the record. *See Kamara v. Atty Gen. of U.S.*, 420 F.3d 202, 212 (3d Cir. 2005).

Otherwise, Petitioner's habeas petition is DENIED, including to the extent that Petitioner seeks an Order that: (1) enjoins Respondents from transferring Petitioner while his habeas petition is pending; (2) orders Petitioner's immediate release, with all personal property; (3) orders Petitioner's release pending a bond hearing pursuant to Section 1226(a), at which

4

Respondents bear the burden of establishing that Petitioner is a flight risk or danger to the community; (4) orders that Respondents, at the ordered bond hearing, bear the burden of: (a) "proving, by clear and convincing evidence and under the standards set forth in *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006), that Petitioner presents a danger to the community or a risk of flight," and (b) "establishing, by clear and convincing evidence, that no reasonably available bond amount, condition of release, or combination of conditions would adequately mitigate any proven danger or risk of nonappearance," (5) orders that "if release is denied on flight-risk grounds, the Immigration Judge must issue a reasoned written decision that identifies the specific evidence relied upon, applies the clear-and-convincing-evidence standard, and explains why less restrictive alternatives - including an appropriate monetary bond, electronic GPS monitoring, reporting requirements, travel requirements or any combination of such conditions – would be insufficient to reasonably assure Petitioner's appearance;" and (6) awards attorney's fees and costs under the EAJA.

More specifically, the Court finds that under the facts of this case, where Petitioner has been detained for less than one (1) month, albeit under the wrong statute, Petitioner's Fifth Amendment due process rights are satisfied by providing Petitioner with an individualized bond hearing before an immigration judge ("IJ"), as required by Section 1226(a), which comports with due process, as the Court has ordered, and does not require Petitioner's immediate release or release with a Section 1226(a) bond hearing to follow. *See Pico Bano v. Mullen et al.,* Civ. No. 4:26-1449, 2026 WL 1726260, at *5 (M.D. Pa. June 15, 2026) (concluding: "[T]the Court notes that Pico Bano asks only for immediate release from custody as a remedy in this matter—not a bond hearing. However, it is this Court's ordinary practice to order the Government to provide a petitioner with a bond hearing, as 8 U.S.C. § 1226(a) does not entitle an individual to release, but

only to such a hearing. Moreover, the Court is of the view that an immigration judge 'is better suited to consider whether Petitioner poses a flight risk and a danger to the community' when evaluating the factors relevant to a bond determination, and immigration judges 'would have greater access to information that could resolve any factual disputes.' Consequently, the Court will not order Pico Bano's immediate release, but will instead direct Respondents to provide him with a bond hearing.") (footnotes omitted); *F.B. v. Oddo,* Civ. No. 3:26-717, 2026 WL 1265352, at *4 (W.D. Pa. May 8, 2026) (Fischer, J.) (holding: "the Court will not order Petitioner's immediate release," and noting "that just as detention without a bond hearing may create a risk of erroneous deprivation of the detainee's liberty interest, immediate release without a bond hearing may create a risk of erroneous deprivation of the Government's security interests.").

Nor, under the facts of this case, does either Section 1226(a) or the Fifth Amendment's due process clause mandate a bond hearing at which Respondents bear the burden of : (1) "proving, by clear and convincing evidence and under the standards set forth in *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006), that Petitioner presents a danger to the community or a risk of flight," and (2) "establishing, by clear and convincing evidence, that no reasonably available bond amount, condition of release, or combination of conditions would adequately mitigate any proven danger or risk of nonappearance." *See Abai Makeshov. v. Oddo et al.,* Civ. No. 3:26-808, 2026 WL 1579023, at *2 (W.D. Pa. June 3, 2026) (Conti, J.) (explaining: "[Petitioner] argues there was a constitutional defect in the prior bond proceeding because the burden to prove he was not a flight risk was placed upon him, rather than the government having to prove he was a flight risk (ECF No. 1 at 9). That argument, however, is foreclosed by binding precedent.") (citing *Borbot v. Warden Hudson Cnty. Correctional Facility*, 906 F.3d 274, 279 (3d Cir. 2018)); *Modebadze v. Soto*, Civ. No. 26-1687, 2026 WL 1067835, at *1 (D.N.J. Apr. 17,

6

2026) (Shipp. J.) (reasoning: "As this Court explained in *Aguilar Ramos v. Soto*, No. 25-15315, 2025 WL 3251447, at *1 (D.N.J. Nov. 21, 2025), however, aliens such as Petitioner, although not subject to detention under § 1225(b)(2), are subject to the Government's discretionary detention authority under § 1226(a). Pursuant to that authority, the Government may detain aliens, but aliens must be accorded a bond hearing at which petitioners, and not the Government, bear the burden of demonstrating that they are neither a flight risk nor a danger to the community. *Id.*; *see also Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018). Once a detained alien receives such a hearing and is denied bond, '[n]o court may set aside' the immigration judge's decision as to 'the denial of bond.' 8 U.S.C. § 1226(e). Because the burden of proof under section 1226(a) remains on aliens at all times, *Borbot*, 906 F.3d at 278-79, the immigration judge did not misapply the standard of proof by requiring Petitioner to show that he was not a flight risk at his bond hearing."); *A.D. v. Oddo,* Civ. No. 25-460, 2026 WL 1251470, at *1, n. 3 (W.D. Pa. Feb. 12, 2026) (Haines, J.) (noting: "To be sure, the default in a bond hearing pursuant to 8 U.S.C. § 1226(a) places this burden upon the alien. Nothing in the Order conditionally granting habeas relief shifted the burden to DHS. ECF No. 31. To the contrary that Order, and its accompanying Memorandum Opinion, made clear that the hearing must "include all factors normally available to an immigration court in the context of an immigration bond hearing[,]" and that any additional habeas relief sought by Petitioner was denied. *Id.* at 1. Thus, while the Writ will issue for the reasons set forth herein, Petitioner's argument that the burden should have shifted to DHS explicitly is not among those reasons.") (citing *Borbot,* 906 F.3d at 279).

Further, the Court will not, at present, issue an order which requires that "if release is denied on flight-risk grounds, the Immigration Judge must issue a reasoned written decision that

7

identifies the specific evidence relied upon, applies the clear-and-convincing-evidence standard, and explains why less restrictive alternatives - including an appropriate monetary bond, electronic GPS monitoring, reporting requirements, travel requirements or any combination of such conditions – would be insufficient to reasonably assure Petitioner's appearance."  Rather, the Court will "allow the IJ to determine in the first instance whether the additional procedural safeguards requested by Petitioner are necessary or appropriate. In the event that Petitioner believes the IJ has not afforded him constitutionally adequate procedures, he may apply to this Court for further relief."  *Brito Rivero v. Oddo*, Civ. No. 3:26-776, 2026 WL 1382246, at *2 (W.D. Pa. May 18, 2026) (Fischer, J.).

Moreover, this Court lacks jurisdiction to prevent Petitioner's transfer to another facility while this matter is pending.  Congress has vested the Secretary of Homeland Security and his/her delegates, such as ICE with the authority to detain aliens pending a decision on their removal proceedings.  8 U.S.C. §§ 1231(a)(2), 1226(a), (c)(1).  And Congress has vested the Department of Homeland Security ("DHS") with the discretion to set the place of detention. 8 U.S.C. § 1231(g)(1); *Sinclair v. Att'y Gen.*, 198 F. App'x 218, 222 n.3 (3d Cir. 2006) (collecting cases).  Within DHS' discretion is the authority to transfer aliens from one detention center to another.  *Calla-Collado v. Att'y Gen.*, 663 F.3d 680, 685 (3d Cir. 2011).  Reading Section 1231(g)(1) together with Congress's limitations in 8 U.S.C. § 1252(a)(2)(B)(ii) ("Section 1252(a)(2)(B)(ii)") on federal district courts' jurisdiction to review discretionary actions by DHS, federal district courts have concluded that they lack jurisdiction to review DHS' decisions under Section 1231.  *See, e.g., Jane v. Rodriguez*, Civ. No. 20-5922, 2020 WL 10140953, *1-2 (D.N.J. May 22, 2020) (citing cases). Nor does the All Writs Act, 28 U.S.C. § 1651, provide the Court with jurisdiction to enjoin transfer. *Barrios v. Att'y Gen.*, 452 F. App'x 196, 198 (3d Cir.

8

2011) (jurisdiction-stripping provision in Section 1252(g) of INA, which is identical to jurisdiction-stripping language of Section 1252(a)(2)(B)(ii), is not superseded by All Writs Act).

Finally, the United States Court of Appeals for the Third Circuit has not yet addressed whether an alien petitioner similarly situated to Petitioner is subject to detention pursuant to Section 1226(a) or Section 1225(b), and other circuit courts of appeals are split on the issue. Accordingly, the Court finds that Respondents' position was substantially justified in this case, and costs and attorney fees shall not be awarded pursuant to the EAJA.

SO ORDERED this 14th day of August, 2026.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:  All Registered ECF Counsel of Record

9